UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE

                            Plaintiffs,                20-cv- _____

           -against-

INSTITUTE FOR FAMILY HEALTH;
FAMILY HEALTH CENTER OF HARLEM;
DR. YU LIN NGU; DR. JOHN PFAIL

                        Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING LEAVE TO PROCEED PSEUDONYMOUSLY OR, IN THE ALTERNATIVE, FOR AN ORDER SEALING THE COMPLAINT

Plaintiff, proceeding pseudonymously as JANE DOE ("Doe" or "Plaintiff"), through her attorneys, Manhattan Legal Services, respectfully submits the below Memorandum of Law in support of Plaintiff's Motion requesting leave to file her Complaint and proceed in litigation pseudonymously or, in the alternative, for an order sealing the Complaint.

### A. Legal Framework Governing Motions to Proceed Pseudonymously

Fed. R. Civ. Pro 10(a) requires that the title of a complaint name all parties. However, courts have approved of plaintiffs litigating under a pseudonym in certain circumstances. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008). Where determining whether a plaintiff should be permitted to proceed pseudonymously, courts must balance the plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice to the defendant. *Id.* To guide the courts in determining whether a plaintiff may proceed under a

pseudonym, the Second Circuit has provided a "non-exhaustive" list of factors to consider, including:

> "(l) whether the litigation involves matters that are "highly sensitive and [of a] personal nature,"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties,"; (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiffs identity,""; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [their] age; (5) whether the suit is challenging the actions of the government or that of private parties; ( 6) whether the defendant is prejudiced by allowing the plaintiff to press [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiffs identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (I 0) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id.* at 189-190 (internal quotation marks and citations omitted).

### B. Material Facts Relevant to Plaintiff's Motion

An analysis of the factual allegations in the case at bar supports Plaintiffs request to proceed pseudonymously. Plaintiff is a person living with HIV, hypertension and diabetes who was denied medical treatment because of her HIV status. Plaintiffs Complaint ("Compl. ") ¶ 36 - 63. On or around August 21, 2017, severe pain led Plaintiff to seek emergency dental treatment at Defendant Family Health Center of Harlem, a community health clinic owed/operated by Defendant Institute for Family Health. Specifically, Plaintiff sought an emergency tooth extraction from Defendants, who publicly purport to perform tooth extractions and to serve people living with HIV/AIDS. *Id.* ¶ 39 - 40. However, at the visit, Defendants' agent, who was later identified as Dr. Ngu, refused to treat Plaintiff because of her HIV status. Dr. Ngu first emphasized Plaintiff's CD4 count, which was within a normal range for treatment. *Id,* ¶ 45 – 46;

2

61 – 62. Throughout the conservation, Dr. Ngu stressed Plaintiff's HIV status. Compl. ¶ 46.

Upon information and belief, before turning Plaintiff away, Dr. Ngu conferred with attending

dentist John Pfail. *Id.* ¶ 48. After denying Plaintiff service, Dr. Ngu later stated that the

procedure could not be performed because the clinic did not have proper extraction instruments.

*Id.* ¶ 47. Rather than treat Plaintiff, Defendant referred her to another medical provider. *Id.* ¶ 49.

Later, in response to a demand letter, Defendants proffered a third reason for the denial and

stated, for the first time, that the referral was made because an oral surgeon was not present that

day. *Id.* ¶ 54.

     Due to Defendants' discriminatory treatment, Plaintiff was forced to live in severe pain

while she sought treatment elsewhere. Additionally, the discrimination caused Plaintiff mental

anguish, as well as, humiliation and embarrassment.

### C. The Sealed Plaintiff Factors Support Plaintiff's Motion to Proceed Pseudonymously

     The matters at issue in this case include allegations of discrimination based on HIV

status. Such status is highly sensitive and personal in nature, and people living with the disease

are highly stigmatized, as is evidenced by the case at bar. As such, federal and state NY courts

have granted people living with HIV/AIDS, and other sexually and blood-transmitted diseases to

proceed pseudonymously. *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003)

(allowing plaintiff to proceed pseudonymously based on her legitimate fear of embarrassment

and stigmatization based on her contraction of HBV, "which like AIDS is a sexually and blood-

transmitted disease . . .."); *See also Doe v. Madison Medical*, 12 Misc. 3d 1181(A)(N.Y. Sup. Ct.

2006)(claims relating to plaintiff's infection with AIDS as a result of being struck by a needle);

*Doe v. Jamaica Hosp.*, 202 A.D.2d 386 (2d Dep't 1994)(claims relating to discrimination against

HIV-positive hospital patient); *Doe v. Hemophilia Center of Rochester*, 244 A.D.2d 853 (4th

Dep't 1998)(claims relating to decedent's infection with AIDs as a result of contaminated blood products). Such treatment is in line with protecting plaintiffs' privacy in cases concerning intimate issues, such as sexual assault, abortion, sexual orientation, and status as an AIDS patient. *See Doe No.2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (listing cases).

      Moreover, Courts have largely granted such pseudonymity absent a specific showing of harm where the subject matter is extremely sensitive in nature, such as whether a person lives with a disease that is communicated through sexual conduct or blood-transfusion. *See e.g.*, *New York Blood Center*, 213 F.R.D. at 112 ("Although plaintiff has made no particularized showing of any specific harm or stigma ... questioning relating to plaintiff's method of contracting [hepatitis B] will inevitably involve issues relating to her sexual conduct of great intimacy .... Thus, plaintiff's privacy concerns appear to be substantial ones, and long-recognized in the cases." ); *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D.Mo.1999) (" It is understandable that plaintiff does not wish to be publicly identified as an individual with AIDS, which is a personal matter of the utmost intimacy. Persons with AIDS may be subjected to discrimination in the workplace, schools, social settings and public accommodations." ); *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437, 439, 439 n. 1 (S.D.N.Y.1988) (" Cases where a party risks public identification as a homosexual ... raise privacy concerns that have supported an exception .... This court's decision to permit Doe to proceed pseudonymously reflects a concern for his public identification as a homosexual, not as a concern for his employment [prospects]." ).

      Here, Plaintiff is at risk of harm if she is required to proceed using her legal name. As Defendants discrimination of Plaintiff and the case law illustrate, Plaintiff is at risk of harm if her status is known because of the heightened stigma associated with HIV, which subjects people

living with the disease to discrimination in health care settings, workplace, social settings and public accommodations. Additionally, Defendants' discriminatory treatment of Plaintiff based on her HIV status has caused her emotional harm. Plaintiff risks further emotional harm if she is forced to pursue this claim under her own name.

While Plaintiff would be harmed if required to proceed using her name, Defendants are unlikely to suffer the type of prejudice that would disfavor allowing Plaintiff to proceed anonymously. Defendants are already aware of Plaintiff's identity. Allowing Plaintiff to proceed under a pseudonym will not inhibit Defendants' ability to litigate this case. *See Doe v. Colgate Univ.*, 2016 U.S. Dist. Lexis 48787, *10 (N.D.N.Y. Apr. 12, 2016); citing Kolko, 242 F.R.D. at 198 ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers."); *see also Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988)(allowing gay plaintiff to proceed pseudonymously and reasoning that Defendant will not be harmed because it already knows plaintiff's identity and "it will have full discovery rights as the case progresses, and it will only be barred from using or disclosing the fruits of its discovery for purposes other than the defense of this action.").

The public interest also weighs in favor of allowing Plaintiff to proceed anonymously because Defendants are either governmental entities or quasi-governmental entities. When a plaintiff challenges governmental or quasi-governmental action, the judicial process serves as a significant check on abuse of public power. Thus, as the courts have noted, it is in the public interest that the price of access to the courts not be too high. *New York Blood Center*, 213 F.R.D. at 112-13; *see also EW v. New York Blood Ctr.*, 213 F.R.D. at 111 (reasoning, in part that, in such circumstances "plaintiff presumably represents a minority interest (and may be

subject to stigmatization . . ." and "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant.")

Additionally, requiring Plaintiff to proceed in this case under her actual name may have a chilling effect on others who face discrimination based on their highly stigmatized characteristics. *See e.g. Kolko* 242 F.R.D. at 195.

In addition, Plaintiff respectfully request the Court toll the statute of limitations for all claims during the pendency of this motion.

### D. Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court allow her to proceed pseudonymously in this case or, in the alternative, for an Order sealing Plaintiff's Complaint.

Dated: New York, New York
      June 24, 2020

Manhattan Legal Services
Attorneys for Plaintiff
By Iris Bromberg, Esq.
1 W 125th Street, 2nd Floor
New York, NY 10027

Granted.  Plaintiff may proceed pseudonymously in this case.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

July 7, 2020

6